GAETANO DI PALMA, Plaintiff, *v.* GEORGE CARRARO, Defendant.

Supreme Court, Special Term, Bronx County, October 15, 1943.

*Frank E. Holahan* for plaintiff.

*Howard L. Kuttner* for defendant.

KOCH, J. This motion and cross motion involve the same controversy and are decided together.

The sheriff, under order of the court, sold the assets of a partnership between the plaintiff and the defendant. A dispute has arisen as to the expense of the sale.

The partnership assets were purchased by defendant who declines to pay any portion of the expense of the sale. Had the purchaser been some third person, all the expense of the sale would have been deducted from the purchase price, and the sheriff would have remitted the net proceeds. The result does not change because the purchaser happens to be one of the

parties who, in this case, is the defendant. Since both plaintiff and defendant share in the proceeds of the sale, they should share in the expense of the sale. The expense should be proportionately divided.

In the absence of bad faith, the sheriff had the power to postpone the sale. His charge, therefore, is allowed, without prejudice to the rights, if any, that may be asserted in the proper forum by either plaintiff or defendant with respect to the rejection of the $7,600 bid and the subsequent sale for $6,600.

Paragraph 2 of subdivision a of section 1032–9.0 of the Administrative Code of the City of New York (L. 1937, ch. 929, amd. Local Laws, 1942, No. 4, § 3, of City of New York) governs the fees of an auctioneer in sales on behalf of the Sheriff of the City of New York, and provides that such auctioneer shall be entitled to receive a commission not to exceed " the customary market rate of auctioneers' fees for similar services." The sheriff has submitted an affidavit of his auctioneer that " deponent's customary and usual charge has been five per cent of the amount of the sale ", and that his commissions range from five per cent to ten per cent. It would seem that by virtue of section 246-a of the County Law, section 21 of the General Business Law permits an auctioneer in Bronx County to demand or receive compensation for his services, in excess of two and one half per cent, under a previous agreement in writing. This section does not authorize the sheriff to pay his auctioneer a commission in excess of two and one half per cent, in the absence of an agreement in writing with the parties to the litigation, or an order of the court on notice to the parties. The sheriff acts in an official and not in a personal capacity. The Administrative Code would, therefore, limit the customary market rate of an auctioneer to two and one half per cent, in the absence of a written agreement as here pointed out.

Neither the sheriff nor the court may impose upon litigants any expense of litigation that is not expressly provided for by law. An appeal to the court is an appeal for an equitable, speedy and inexpensive determination of every litigation. Upon payment of the full purchase price which includes a proportion of the expenses of the sale, as here indicated, the sheriff is directed to deliver a certificate of sale to the defendant. Motion is granted to the extent indicated. Settle order.